Turney, J.,
delivered the opinion of the court.
The petition for mandamus should have been dismissed. Sec. 5569 of Code provides: “The costs chargeable upon the State or county in criminal cases shall be made out so as to show the specific items, and be examined and entered of record,' and certified to be *195 correct by the court or Judge before whom the cause was tried or disposed of, and also by the District Attorney.”
Sec. 5570: “A copy of the judgment and bill of costs, certified by the Clerk of the Court and by the Attorney-General and Judge, as provided in the preceding section, shall be presented to the Comptroller, Chairman of the County Court or County Judge, as the case may be, by the Clerk or some person authorized by him in writing to receive the same, whereupon a warrant shall issue for the amount and shall be paid to such clerk or other authorized person.”
Sec. 5571: “ It is the duty of the Attorney-General, and of the court in which a criminal action has been tried, to examine bills of costs, and the court may also hear testimony in regard to the items, if necessary, and if the charges are legal and duly proved, to certify the fact therein.”
It is clearly contemplated by these enactments that the costs of each cause are to be made out, examined, entered of record, • and certified by the court before whom the cause was tried or disposed of.
These certified judgments and • bills of cost, when properly made, are vouchers in the hands of the officers whose duty it is to issue warrants thereon. Each must be separately perfected, and are not to be authenticated in unstinted number as a running account against the county.
Here we have about one hundred and thirty-seven cases of every grade of misdemeanor over one certificate of Judge and Attorney-General, in the words,
*196 “We have examined the above bill cost, and certify the same to be correctly taxed. February 5th, 1869.
“.Signed, “A. A. Hyde, Attorney-Gen’l.
“Wm. L. Adams, Judge, etc.”
If, as insisted, the Judge of the County Court shall be required to issue his warrants upon the county treasury for so much of the items of cost embraced in these numerous causes as may be correct under the fee bills established by law, and reject the balance, we see at a glance that the object of the law providing for the authentication of costs is defeated, and the financial agent of the county left without these vouchers provided by law for his indemnity and protection.
How could it be possible in such state of things, where fees not allowed by law and fees more than allowed by law are intermingled through more than a hundred cases, with one certificate to the whole, for the financial agent of a county to settle his accounts with the treasurer or county trustee. To keep straight these accounts, and paralyze temptation to dishonesty, was and is the policy in fixing the requisites already named.
In addition to all this, when we look to the certificate, we at most can only presume that it has reference, to all the cases above it. The language is in the singular, “ above bill cost,” and may have reference alone to the bill to which it is immediately attached. It is only by construction that it can relate to the others, and if by construction it may do so, then when one certificate has been made, any number may be placed before it, and thereby, upon presentation, *197 the County' Judge has no alternative but to issue his warrant. If one certificate can at all be sufficient, it must specify the cases intended to be embraced by it; but we incline to the opinion that even this will not satisfy the statute, leaving out of view the law’s object to give vouchers to the financial agent, and the confusion that must result from so indiscriminate blending.
It is not the duty of the Judge of a County Court to issue a warrant unless the bill of costs is properly certified, and whenever he does so,- he transcends his duty. The law intends him to be guided by the authentication prescribed, and when that is wrong upon its face, he must reject it; if he corrects, and upon his own correction issues, he has disobeyed the injunction of the statute as completely as if he issued without certificate. The change or correction by him makes a different bill of costs, not certified by the court and Attorney-General.
Had it been the policy of the law that he should remodel by striking off or adding to, the authority to authenticate would have been given him in the first instance.
Reverse the judgment and dismiss petition.